UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHEA SARTESCHI, | : | CIVIL NO. **1:06-CV-02332** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA TURNPIKE COMMISSION, JOSEPH G. BRIMMER, KEVIN F. LONGENBACH, DEBRA L. DAVIS, PATRICIA F. SCHLEGEL and DOREEN A. MCCALL, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

The plaintiff, Dorothea Sarteschi, commenced this action by filing a complaint on December 5, 2006.

The defendants named in the complaint are: 1) the Pennsylvania Turnpike Commission (Commission), an agency of the Commonwealth of Pennsylvania; 2) Joseph G. Brimmeier (last name spelled in the complaint as Brimmer), the Chief

Executive Officer of the Commission; 3) Kevin F. Longenbach, the Chief Operating Officer of the Commission; 4) Debra L. Davis, the Chief of Staff for Operations and Administration of the Commission; 5) Patricia F. Schlegel, the Director of Human Resources of the Commission; and 6) Doreen A. McCall, Chief Counsel for the Commission.

The plaintiff alleges that pay rates for employees of the Commission are determined by the members of the Personnel Committee. She alleges that each of the individual defendants is a member of the Personnel Committee.

The plaintiff alleges that she was hired by the Commission on April 12, 1992 as a secretary. She alleges that in 2002 her immediate supervisor, John R. Bortz, the Credit and Collections Manager, was paid approximately $88,000.00 annually.

The plaintiff alleges that, on March 17, 2003, she was reclassified and promoted to the position of Credit and Collections Specialist without a pay increase. She alleges

2

that since 2003 her duties required substantially equal skills, efforts and responsibilities as that of Bortz but that she was paid over $50,000.00 less per year than Bortz.

The plaintiff alleges that, on December 9, 2004, Bortz retired.  She alleges that after Bortz retired she performed and continues to perform the duties that Bortz had performed. She alleges that she requested but was denied equal pay for doing the work that had been done by Bortz.  She alleges that the Commission and Personnel Committee did a work analysis and determined that she was entitled to a pay increase but they knowingly and intentionally refused to give her equal pay.

The plaintiff claims that the defendants have violated 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Equal Pay Act of 1963, and the Fourteenth Amendment of the United States Constitution.  The plaintiff claims that as a result of violations of her rights she has suffered embarrassment, humiliation and mental anguish and that she has incurred counsel fees and other costs.  She is seeking liquidated,

3

compensatory and punitive damages, back pay, interest, counsel fees and costs.

On February 7, 2007, the defendants filed a partial answer to the complaint. Also on February 7, 2007, the defendants filed a partial motion to dismiss the plaintiff's complaint and a brief in support of that motion. The defendants' motion to dismiss only seeks dismissal of the plaintiff's 42 U.S.C. § 1985 claim.

On February 26, 2007, the plaintiff filed a brief in opposition to the motion to dismiss, and on March 8, 2007, the defendants filed a reply brief.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of her allegations, she would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In connection with a Rule 12(b)(6) motion to dismiss for failure to state a

4

claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.  A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

     42 U.S.C. § 1985(3) "permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal

privileges and immunities under the laws.'" *Farber v. City of Paterson,* 440 F.3d 131, 134 (3d Cir. 2006)(quoting § 1985(3)).  Section 1985(3) is limited to conspiracies based on racial or some other class based invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.").  To state a claim upon which relief can be granted under § 1985(3) a plaintiff must allege: (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir. 1997).

The defendants argue that the plaintiff's 1985(3) claim should be dismissed because the plaintiff can not satisfy the

6

conspiracy element of a 1985(3) claim.  The defendants argue that a conspiracy requires two separate entities and that they, as the Commission and officers of the Commission, comprise a single entity.  The defendants' argument is based on the intracorporate conspiracy doctrine.

The intracorporate conspiracy doctrine provides that "an entity cannot conspire with one who acts as its agent." *General Refractories v. Fireman's Fund Ins.,* 337 F.3d 297, 313 (3d Cir. 2003).  "[T]he Courts of Appeals are divided on the applicability of the intracorporate conspiracy doctrine in the section 1985 context."  *Heffernan v. Hunter,* 189 F.3d 405, 412 (3d Cir. 1999).  *See also McAndrew v. Lockheed Martin Corp.,* 177 F.3d 1310, 1312 (11th Cir. 1999)(listing the Second, Fourth, Fifth, Sixth, Seventh and Eighth Circuits as extending the intracorporate conspiracy doctrine to the context of § 1985 and listing the First, Third and Tenth Circuits as holding that the doctrine does not extend to civil rights conspiracies under § 1985).

In *Novotny v. Great Am. Federal Sav. & Loan Ass'n,* 584 F.2d 1235, 1259 (3d Cir. 1978), *vacated on other grounds,* 442 U.S. 366 (1979), the United States Court of Appeals for the Third Circuit held that in the context of § 1985(3) the intracorporate conspiracy doctrine does apply to conspiracies among employees of the same corporation.  In *Novotny*, officers and directors of a corporation were alleged to have conspired to terminate the plaintiff's employment in violation of § 1985(3). *Id.* at 1238.  The defendants in *Novotny* argued that their alleged concerted action was taken in their official capacities as officers and directors of the corporation and, therefore, can not legally be deemed a conspiracy within the terms of § 1985(3). *Id.* at 1257.  The Third Circuit rejected that argument:

> The defendants place primary reliance on the legal precept that a corporation cannot conspire with its officers because a person cannot conspire with himself.  Under this precept, they argue, no conspiracy exists in this case because the defendants were all officers and directors of a single corporation, and the actions injuring Novotny were taken in the course of their duties as such.
>
> As we read Novotny's complaint, however, it does not allege that the corporate entity, GAF, conspired with its officers and directors to his

8

>    detriment.  In defining his cause of action under
>    § 1985(3), Novotny alleges that his termination
>    was accomplished "by the individual defendants in
>    violation of" § 1985(3).  There is thus no
>    occasion to evaluate the force of the proposition
>    that a corporation cannot conspire with itself.
>    Rather, the sole issue before us, so far as the
>    conspiracy element is concerned, is whether
>    concerted action by officers and employees of a
>    corporation, with the object of violating a
>    federal statute, can be the basis of a § 1985(3)
>    complaint.
>
>         . . .
>
>    [S]ince neither considerations of policy nor
>    force of precedent require adherence to the
>    defendants' stance, we do not follow the line of
>    cases adopting the rule the concerted action
>    among corporate officers and directors cannot
>    constitute a conspiracy under § 1985(3).

*Id.* at 1257-1259 (footnotes omitted).

In *Robison v. Canterbury Village, Inc.,* 848 F.2d 424, 430 (3d Cir. 1988), the Third Circuit held that the plaintiff's allegations that a corporation and its president conspired to deprive him of his civil rights did not state a § 1985(3) claim upon which relief could be granted.  The Court reasoned:

>    . . . The alleged co-conspirators in this
>    case are a corporation, Canterbury Village, Inc.,
>    and its president, Reilly.  The district court

9

held that a corporation cannot conspire with its president.  To support his contention that the district court erred, Robison relies on *Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235 (3d Cir. 1978)(in banc), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).  However, *Novotny* is inapposite, as we held there only that officers and directors of a corporation can conspire with each other for purposes of section 1985(3) and therefore had "no occasion to evaluate the force of the proposition that a corporation cannot conspire with itself." *Id.* at 1258.

Other courts that have had occasion to consider whether a section 1985(3) conspiracy may arise between a corporation and its officer have held that it cannot. *See, e.g., Doherty v. American Motors Corp.,* 728 F.2d 334, 339-40 (6th Cir. 1984)(surveying cases); *Rice v. President & Fellows of Harvard College,* 663 F.2d 336, 338 (1st Cir. 1981), *cert. denied,* 456 U.S. 928, 102 S.Ct. 1976, 72 L.Ed.2d 444 (1982); *Herrmann v. Moore,* 576 F.2d 453, 459 (2d Cir.), *cert. denied,* 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978); *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972); *see also* 10 W. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations,* § 4884, at 361 (1986); *cf. Tose v. First Pennsylvania Bank, N.A.,* 648 F.2d 879, 894 (3d Cir.) (corporation and its officer incapable of conspiring with each other for purposes of § 1 of the Sherman Act), *cert. denied,* 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); *Poller v. CBS, Inc.,* 284 F.2d 599, 603 (D.C.Cir. 1960)(same), *rev'd on other grounds,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

On the other hand, a section 1985(3) conspiracy between a corporation and one of its

10

>     officers may be maintained if the officer is
>     acting in a personal, as opposed to official,
>     capacity, or if independent third parties are
>     alleged to have joined the conspiracy. *See
>     Johnston v. Baker*, 445 F.2d 424, 427 (3d
>     Cir.1971); *see also Cross v. General Motors
>     Corp.,* 721 F.2d 1152, 1156-57 (8th Cir.1983),
>     *cert. denied,* 466 U.S. 980, 104 S.Ct. 2364, 80
>     L.Ed.2d 836 (1984).
>
>     Robison has made no allegation of any
>     conspiracy beyond that of Reilly conspiring with
>     the corporation in his corporate capacity.
>     Indeed, Robison has throughout the proceedings to
>     date stressed the identity between the two. Under
>     these circumstances, we are obliged to affirm the
>     district court's dismissal of the section 1985(3)
>     claim.

Under *Novotny* and *Robison*, a § 1985(3) claim can be based on a conspiracy among officers of a single entity but can not be based on a conspiracy among the entity and its officers unless the officers acted in a personal capacity or unless independent third parties are alleged to have joined the conspiracy.

In the instant case, we will recommend that the § 1985(3) claim against defendants Brimmeier, Longenbach,

11

Davis, Schlegel and McCall not be dismissed since officers of a corporation can conspire in violation of § 1985(3).[1]

On the other hand, we will recommend that the § 1985(3) claim against the Commission be dismissed. There is no allegation in the complaint that the officer defendants were acting in a personal capacity, as opposed to an official capacity, when deciding the plaintiff's pay and there is no allegation that any independent third parties entered the conspiracy. Accordingly, the Commission can not be deemed to be part of any conspiracy with regard to the plaintiff's pay.

Based on the foregoing, it is recommended that the defendants' partial motion (doc. 4) to dismiss be granted in part and denied in part. It is recommended that the 42 U.S.C. § 1985(3) claim against the Commission be dismissed but that the 42 U.S.C. § 1985(3) claim against defendants Brimmeier, Longenbach, Davis, Schlegel and McCall not be

---

[1] We note that the complaint does not specifically allege a conspiracy. However, the defendants have not moved to dismiss the complaint on that basis.

12

dismissed.  It is recommended that the case be remanded to the undersigned for further proceedings.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 5, 2007.